JAMES R. PIERCE *vs.* NANCY SMITH.

A testator by his will gave to his wife the income of all his real estate, while she should remain his widow and continue to provide a home for his children; and directed that at her decease all that should remain should be equally divided among his children, with a proviso that his homestead should remain in the hands of his heirs, and be held by them as a home for his children so long as any of them might require a home and place of refuge. The widow waived the provisions of the will in her behalf, and the homestead was set out to her for her dower, and all the rest of the testator's real estate was sold for payment of debts, and, after paying the debts, a certain sum remained in the executor's hands. *Held*, that the children were entitled to a distribution of this sum among them.

PETITION by the administrator with the will annexed of the estate of Sidney Smith, praying for the instruction of this court as to the proper disposition of a sum of money in his hands, upon the following facts :

The will contained this clause : " I give, bequeath and devise to my wife, Nancy Smith, the income of all my real estate, and all my personal property of every description, to have and to hold while she remains my widow and continues to provide a home for my children in the house we now occupy. At the decease of my said wife, it is my wish and will that all that remains of my real estate and personal property be equally divided between my children, Eleanor G., Sidney S., George W. and Celia B. Smith, with this proviso, the homestead and place we now occupy shall remain in the hands of my heirs, and be held by them as a home for my children so long as any of them may require a home and place of refuge, to have and to hold the same to my wife and children, their heirs and assigns forever."

The widow waived the provisions of the will in her behalf, and the homestead was set out to her for her dower ; and subsequently it was deemed necessary to sell the remaining real estate of the testator for payment of debts and charges of administration, and the whole of it was accordingly sold, and several hundred dollars remained in the petitioner's hands, from the sale of real estate, after the payment of all debts and charges

The widow and all the children were still living; and the children claimed the right to receive the balance in the petitioner's hands.

The case was reserved, by the chief justice, for the determination of the whole court.

*T. L. Nelson*, for the children.

*H. Williams*, for the widow.

CHAPMAN, J. Since Nancy Smith, the widow of the testator, has waived the provisions of the will, and had dower assigned to her in the real estate, there is nothing in the will to prevent the estate from passing to the testator's children as heirs, except the provision reserving the real estate as a home for his children " so long as any of them may require a home and place of ref• uge." This provision is entirely defeated by the sale of the real estate for the payment of debts, and they are entitled as heirs at law to have the balance of the avails of the estate, which now remain in the plaintiff's hands, distributed among them. *Ellis* v. *Page*, 7 Cush. 161. *Distribution decreed.*